UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| LEONARD HAYNES, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:18-CV-00175-JRG-DCP |
| ARAMARK CORRECTIONAL SERVICES, INC., TENNESSEE DEPARTMENT OF CORRECTIONS, TONY PARKER, DARREN SETTLES, MARY BROWN, DUSTIN BROWN, SAM NEELY, and ARCHIE DOBY, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This pro se prisoner's complaint under 42 U.S.C. § 1983 is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA").

**I.    SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe

pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II.     ALLEGATIONS OF THE COMPLAINT

At all times relevant to the instant complaint, Plaintiff was an inmate confined in the Bledsoe County Correctional Complex ("BCCX") Site II in Pikeville, Tennessee [Doc. 1 at 2]. Plaintiff claims that beginning in May 2017, up until he filed this complaint in May 2018, he has been deprived of a kosher diet in compliance with the House of Yahweh ("H.O.Y.") requirements, and that the food he has been served falls well beneath the required caloric requirements [*Id*. at 3-10]. He asserts that Defendant Mary Brown, head food steward of Plaintiff's compound, refuses to follow his religious diet and instructs employees under her supervision not to comply with religious diets [*See id*. at 8]. Plaintiff claims he has filed numerous grievances about this issue, but that the matter has yet to be resolved.

## III.    ANALYSIS

As an initial matter, the Court notes a suit against a defendant in his or her official capacity is treated as an action against the governmental entity the officer represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992). In an action against a State officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from

2

the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Defendants Mary Brown, Parker, Settles, Dustin Brown, Neely, and Doby were employees at BCCX at all relevant times. Therefore, Plaintiff's official-capacity claims are brought against those Defendants in their official capacities as Tennessee Department of Correction ("TDOC") employees. *See Graham*, 473 U.S. at 166; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

The Eleventh Amendment prohibits suits against a state or its agencies in federal court for damages, unless Congress has abrogated its immunity, or the state has expressly waived it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 320–45 (1979). Tennessee has not waived its immunity. *See Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). TDOC is an agency of the State of Tennessee and, as such, it and its employees sued in their official capacities are entitled to Eleventh Amendment immunity. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). Accordingly, Plaintiff's claims for money damages against all named Defendants in their official capacities are barred by the Eleventh Amendment, as are any claims against TDOC itself.[1] *See Berndt*, 796 F.2d at 881.

Additionally, the Court finds that Defendants Parker, Settles, Dustin Brown, Neely, and Doby are named in this action solely based on their responses to Plaintiff's grievances. It is well settled that "[t]he 'denial of administrative grievances or the failure to act' by prison officials does

---

[1] An exception to sovereign immunity exists in cases of prospective injunctive relief. *See, e.g., Ex Parte Young*, 209 U.S. 123 (1908). Therefore, Plaintiff's claims for prospective injunctive relief are not barred by sovereign immunity.

not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Moreover, inmates have no constitutional or federal right to a prison grievance procedure, *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001), and no due process interest in having their grievances satisfactorily resolved. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Lewellen v. Metro Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th Cir. 1994). Therefore, Plaintiff's allegations against these Defendants must be **DISMISSED** for failure to state a claim upon which relief may be granted.

However, Plaintiff's allegation that he has been deliberately deprived of his approved religious diet will proceed against Defendant Aramark Correctional Services and Defendant Mary Brown.

### III. CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. TDOC, Tony Parker, Darren Settles, Dustin Brown, Sam Neely, and Archie Doby are **DISMISSED** from this action;

2. The Clerk is hereby **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendants Aramark Correctional Services and Mary Brown;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within thirty (30) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Federal Rule of Civil Procedure 4;

4. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

5. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default; and

6. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE